# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **BRYAN KIMUTIS,** | : | Case No. 1:21-cv-289 |
| Plaintiff, | : | JUDGE: COLE |
| v. | : | ANSWER OF DEFENDANTS CITY OF CINCINNATI, |
| **CITY OF CINCINNATI, et al.,** | : | OFFICER MICHAEL ROETTING, OFFICER MOLLY |
| Defendants. | : | SHUST, AND OFFICER KURTIS LATHAM TO |
| | : | COMPLAINT WITH JURY DEMAND |

---

Now come Defendants, City of Cincinnati, Officer Michael Roetting, Officer Molly Shust, and Officer Kurtis Latham (collectively the "City"), by and through counsel, and for their Answer to Plaintiff's Complaint, state as follows:

## NATURE OF THE ACTION

(Unnumbered) This unnumbered paragraph is in the form of a narrative. To the extent a response is required, the City denies.

## JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiff's Complaint requires no pleading from the City. To the extent that allegations of civil rights/constitutional rights violations by the City are stated or implied, the City denies the allegations.

2. Paragraph 2 of Plaintiff's Complaint requires no pleading from the City. To the extent that allegations of civil rights/constitutional rights violations by the City are stated or implied, the City denies the allegations.

## PARTIES

3. Deny for lack of knowledge.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

## COLOR OF LAW

8. Admit that Cincinnati Police Officers act under the color of law while properly carrying out their duties. To the extent that allegations of civil rights/constitutional rights violations by the City are stated or implied, the City denies the allegations.

## FACTS

9. Admit that people gathered in Cincinnati on May 29, 2020, in Cincinnati. Admit that there were reports of property damage and that arrests were made on this day. To the extent that allegations of civil rights/constitutional rights violations by the City are stated or implied, the City denies the allegations.

10. Admit.

11. The Emergency Order speaks for itself. Admit that gatherings took place on May 30, 2020, and that some gatherings were lawful and nonviolent. Admit

that non-lethal force was employed against individuals who presented an immediate, actual threat of harm. Otherwise deny the remaining allegations.

12. Deny for lack of knowledge.

13. The City admits that a crowd had gathered outside of Cincinnati Police Department ("CPD") District 1 Headquarters near the time alleged in this paragraph. Some members of this same crowd attempted to force their way into the District 1 headquarters. In all other aspects, deny for lack of knowledge.

14. Deny for lack of knowledge.

15. Deny for lack of knowledge.

16. The City admits that Cincinnati Police Officers were attempting to disperse a crowd that was throwing objects at officers, in the area described in Paragraph 16. Otherwise, deny for lack of knowledge.

17. The City admits that Cincinnati Police Officers were attempting to disperse a crowd that was throwing objects at officers, in the area described in Paragraph 17. Otherwise, deny for lack of knowledge.

18. Deny for lack of knowledge.

19. Deny for lack of knowledge.

20. Deny for lack of knowledge.

21. Admit only that officers advanced towards the crowd in an attempt to disperse them in the area described in Paragraphs 16 and 17. Deny characterization of

the crowd as "demonstrators" and that officers in any way acted in an indiscriminate manner. Otherwise, deny for lack of knowledge.

22. Deny for lack of knowledge.

23. Deny for lack of knowledge.

24. Deny for lack of knowledge.

25. Deny for lack of knowledge.

26. Deny for lack of knowledge.

27. Deny for lack of knowledge.

28. Deny for lack of knowledge.

29. Deny for lack of knowledge.

30. Deny for lack of knowledge.

31. Deny for lack of knowledge.

32. Deny for lack of knowledge.

33. Deny for lack of knowledge.

34. To whatever extent Exhibit 3 is what Plaintiff alleges it to be, it speaks for itself.

35. Deny for lack of knowledge.

36. Deny for lack of knowledge.

37. Deny for lack of knowledge.

38. Deny for lack of knowledge.

39. Admit that a Cincinnati Citizen Complaint Authority ("CCA") investigation that appears to be related to the allegations of the Complaint is ongoing in

CCA Complaint No. 20188.  The City admits that the Cincinnati Police Department's Internal Investigation Section ("IIS") investigated allegations that appear to be related to the allegations of the Complaint in Case No. 2020-207. The IIS report, which is not the document attached to the Complaint as Exhibit 4, speaks for itself. Deny the remaining allegations of the paragraph.

40. Deny.

41. Presuming references to the "Internal Investigations Unit" or "IIU" refers to the Cincinnati Police Department's Internal Investigations Section, the City denies that Exhibit 4 is either (a) a response to a public records request or (b) an IIS report. Instead, Exhibit 4 is a letter IIS sent to Kimutis briefly describing the outcome of the IIS investigation but is not the actual IIS report. The actual IIS report, which was provided to Kimutis in response to his public records requests, speaks for itself. Otherwise, deny.

42. Deny.

43. The Complaint does not specify who Kimutis spoke with, so this allegation is denied for want of knowledge. That said, the actual IIS report, as mentioned in Paragraph 41, speaks for itself. The City denies for want of knowledge what Kimutis relied upon. In all other respects, deny.

44. Deny for want of knowledge. Additionally, the City specifically denies that any officer shot Kimutis in the face with a 40mm round.

45. Deny for want of knowledge.

46. The City denies for want of knowledge what the CCA has advised Kimutis and notes that the CCA investigation is ongoing.

47. Deny.

48. Deny.

49. The City admits that it did not charge Kimutis with any crimes at the times that appear relevant to the Complaint. In all other respects, denied.

50. To the extent that the Complaint is referring to the Memorandum of Agreement between the United States Department of Justice and the City of Cincinnati, Ohio and the Cincinnati Police Department dated April 12, 2002, the Agreement speaks for itself. The City denies the remaining allegations.

51. To the extent that the Complaint is referring to the Memorandum of Agreement between the United States Department of Justice and the City of Cincinnati, Ohio and the Cincinnati Police Department dated April 12, 2002, the Agreement speaks for itself. The City denies the remaining allegations.

52. To the extent that the Complaint is referring to the Memorandum of Agreement between the United States Department of Justice and the City of Cincinnati, Ohio and the Cincinnati Police Department dated April 12, 2002, the Agreement speaks for itself. The City denies the remaining allegations.

53. Cincinnati Police Department Policy 12.545 speaks for itself. The City denies the remaining allegations.

54. Cincinnati Police Department Policy 12.545 speaks for itself. The City denies the remaining allegations.

55. Cincinnati Police Department Policy 12.545 and the Agreement speaks for themselves. The City denies the remaining allegations.

56. Deny.

## COUNT I – 42 U.S.C. § 1983

### (Excessive Force)

57. Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

58. Paragraph 58 refers to "Mr. Hicks," who is not identified. To the extent that the references to Mr. Hicks in Paragraph 58 are a scrivener's error and intended to reference Kimutis, the City admits that Officers Roetting, Shust, and Latham were acting under the color of law while properly carrying out their duties at the times described in the Complaint. In all other respects, the City denies.

59. Deny.

60. Deny.

## COUNT II – 42 U.S.C. § 1983

### (Unreasonable seizure)

61. Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

62. The City admits that Officers Roetting, Shust, and Latham were acting under the color of law while properly carrying out their duties at the times described in the Complaint. In all other respects, the City denies.

63. Deny.

64. The law speaks for itself and thus requires no pleading by the City.

65. Admit that Defendants acted under the color of law while properly carrying out their duties, but to the extent that Paragraph 65 refers to any unconstitutional or illegal act or omission described in the Complaint, deny.

66. Deny.

67. Deny.

## COUNT III

### (Failure to train, supervise, monitor, and/or discipline)

68. Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

69. Denied to the extent that Paragraph 69 refers to or implies any unconstitutional or illegal act or omission described in the Complaint. Otherwise, admit.

70. Denied to the extent that Paragraph 70 refers to or implies any unconstitutional or illegal act or omission described in the Complaint. Otherwise, admit.

71. Deny.

72. Deny.

73. Deny.

74. Paragraph 74 refers to "Mr. Hicks," who is not identified as a party in this matter. Additionally, Paragraph 74 refers to "unlawful searches inside his

[Hicks'] home." To the extent that Paragraph 74 refers to Kimutis, deny. Additionally, none of the earlier allegations of the Complaint involved any of the named Defendants searching anyone's home.

75. Paragraph 75 refers to "Mr. Hicks," who is not identified as a party in this matter. To the extent that Paragraph 75 refers to Kimutis, deny.

76. Deny.

## COUNT IV

### *(Monell v. Dept. of Soc. Svc's of New York, 436 U.S. 658 (1978))*

77. Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

78. Admit that the City has written police policies and procedures. To the extent that Paragraph 78 refers to or implies any unconstitutional or illegal act or omission described in the Complaint, denied.

79. Admit that the City has written police policies and procedures. To the extent that Paragraph 79 refers to or implies any unconstitutional or illegal act or omission described in the Complaint, denied.

80. Deny.

81. Deny.

82. Admit that the City has written police policies and procedures. To the extent that Paragraph 82 refers to or implies any unconstitutional or illegal act or omission described in the Complaint, denied.

83. Deny.

84. Deny.

85. Deny.

## COUNT V

### (Battery)

86. Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

87. Deny. Upon information and belief, Kimutis is alive.

88. Deny.

89. Deny.

90. Deny for want of knowledge.

91. Deny for want of knowledge.

## COUNT VI

### (Request for writ of mandamus under Ohio Open Records Act, R.C. § 149.43(C)(1)(b))

92. Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

93. Admit that Kimutis made two public records requests (Request ID 83686 and 83888). The City denies the remaining allegations.

94. Deny.

95. Admit that CPD generates public records as that term is defined in R.C. § 149.43(A)(1), but deny to the extent that Paragraph 95 refers to or implies any unconstitutional or illegal act or omission under Ohio law.

96. Denied for want of knowledge.

97. Deny.

## **AFFIRMATIVE DEFENSES**

The Defendants deny each and every statement, allegation, and averment contained in Plaintiff's Complaint that is not specifically admitted to be true.

1. Plaintiff failed to state a claim upon which relief may be granted.

2. The Plaintiff's claims are barred by the relevant statute(s) of limitation.

3. This Court lacks jurisdiction to consider a mandamus action filed pursuant to Ohio Revised Code 149.43.

4. Plaintiff failed to mitigate damages, if any.

5. Defendants acted reasonably, in good faith, without malice, and with probable cause.

6. Defendants did not violate any clearly established constitutional or statutory rights of which a reasonable officer would have known.

7. The individual defendants are entitled to qualified immunity.

8. R.C. Chapter 2744 provides immunity to damages under state law to the defendants.

9. The City is entitled to a credit, setoff, or deduction of all amounts paid to or available to Plaintiffs from collateral sources as set forth in R.C. 2744.05 of the Ohio Revised Code.

10. Any damage to Plaintiff was caused by unforeseeable, independent, intervening, or superseding events beyond the control and unrelated to the conduct of the City.

11. Defendants state that if Plaintiff suffered damages, which is specifically denied, Plaintiff proximately caused and/or directly contributed to said damages by their own negligence or recklessness and/or assumed the risk, thereby barring Plaintiff from any recovery against the Defendants or diminishing any recovery by Plaintiff against the Defendants.

12. The alleged damages to Plaintiff were caused by the acts and/or omission of someone other than the Defendants over whom the Defendants had no control.

13. The Defendants hereby gives notice that it intends to rely on and utilize any affirmative defenses set forth in Rules 8 & 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and hereby reserves the right to amend its answer to assert such defenses.

14. The Defendants reserve the right to raise any other defenses as shall become manifest during or upon completion of discovery and hereby reserve the right to amend its answer to assert such defenses.

## JURY DEMAND

The defendants demand a trial by jury.

Respectfully Submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Scott M. Heenan*
Scott M. Heenan (0075734)
Katherine C. Baron (0092447)
Shannon D. Price (0100744)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-3326
Fax: (513) 352-1515
scott.heenan@cincinnati-oh.gov
katherine.baron@cincinnati-oh.gov
shannon.price@cincinnati-oh.gov
*Trial Counsel for the City Defendants*

*/s/ Kimberly A. Rutowski*
Kimberly A. Rutowski (0076653)
Hardin, Lazarus & Lewis, LLC
30 Garfield Place, Suite 915
Cincinnati, Ohio 45202
Phone: (513) 721-7300
Fax: (513) 721-7008
krutowski@hllmlaw.com
*Attorney for P.O. Michael Roetting,*
*P.O. Molly Shust, and P.O. Kurtis*
*Latham in their individual*
*capacity*

## CERTIFICATE OF SERVICE

    I certify that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

J. Robert Linneman (0073846)
H. Louis Sirkin (0024573)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 721-4450
jrl@santenhughes.com
*Attorney for Plaintiff, Bryan Kimutis*

                                                  **/s/ Scott M. Heenan**
                                                  Scott M. Heenan (0075734)
                                                  Assistant City Solicitor